1   Ian Feldman, Esq. (State Bar Number 200308)
    ifeldman@clausen.com
2   G. Brent Sims, Esq. (State Bar Number 179397)
    gsims@clausen.com
3   CLAUSEN MILLER P.C.
    17901 Von Karman Avenue, Suite 650
4   Irvine, CA 92614
    Telephone:  949.260.3100
5   Facsimile:  949.260.3190
6

7   Attorneys for Defendants
    VIRGIN AMERICA INC., VIRGIN ATLANTIC AIRWAYS LIMITED
8   and VIRGIN VACATIONS, INC.

9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  THE WAVE STUDIO, LLC, a New York Limited Liability Company, | CASE NO.:  3:15-CV-00952-MMC |
| 14 | |
| 15            Plaintiff, | Honorable Maxine M. Chesney, Judge |
| 16  v. | **VIRGIN AMERICA INC., VIRGIN ATLANTIC AIRWAYS LIMITED AND** |
| 17  VIRGIN AMERICA INC., a Delaware Corporation, VIRGIN ATLANTIC AIRWAYS LIMITED, a United Kingdom Corporation, VIRGIN VACATIONS, INC., a Florida Corporation, and DOES 1-100, | **VIRGIN VACATIONS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE, OR IN THE ALTERNATIVE TO STAY THE CASE PENDING A RESOLUTION OF THE NEW YORK LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF G. BRENT SIMS AND NANCY HARTFORD FILED CONCURRENTLY HEREWITH; [PROPOSED] ORDER** |
| 18 | |
| 19 | |
| 20 | |
| 21            Defendants. | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | Date:        August 21, 2015 |
| 27 | Time:        9:00 am  Ctrm:        7 |
| 28 | |

-1-

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that on August 21, 2015, at 9:00 am, in Courtroom 7, or as

3    soon thereafter as counsel may be heard, the undersigned counsel of record shall appear

4    before the Honorable Maxine M. Chesney of the United States District Court for the

5    Northern District of California, located at 450 Golden Gate Avenue.

6    At that time, Defendant VIRGIN VACATIONS, INC. ("VVI"), VIRGIN

7    ATLANTIC, and VIRGIN AMERICA, INC. (collectively "Virgin Defendants") will and

8    hereby do move this court, pursuant to Federal Rules of Civil Procedure, Rules 12(b)(2) and

9    12(b)(3) for an order dismissing this action as to VVI on the grounds that the venue is

10   improper and the court has no personal jurisdiction over VVI.

11   At the same time, the Virgin Defendants request that the court transfer this action to

12   the Southern District of New York pursuant to 28 USC Section 1404(a) based upon the fact

13   that another case involving many of the same photographs, as well as the same issues is

14   currently pending in the Southern District of New York.

15   The interests of justice and convenience favor transfer of this case to the United States

16   District Court for the Southern District of New York because *The Wave Studio, LLC v.*

17   *General Hotel Management Ltd., et al.*, Case No. 7:13-cv-09239 (S.D.N.Y.), a case

18   involving these issues is already being litigated there.   This action is an attempt to

19   circumvent the proceedings underway in the Southern District of New York, and part of a

20   pattern of attempts to avoid that District.  Even if the Court does not transfer this action, it

21   should follow the lead of Judge Cathy Seibel in the Southern District of New York and stay

22   the proceedings pending a resolution of the core contractual issue between The Wave Studio,

23   Ltd. and New York Defendant General Hotel Management Ltd.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1    The Motion shall be based on the accompanying points and authorities, the

2  Declarations of G. Brent Sims and Nancy Hartford, and such other information as will be

3  presented orally or in writing to the Court.

4

5  Dated: July 13, 2015                    CLAUSEN MILLER PC

6

7

8                                         By:_____
                                             Ian Feldman, Esq.
9                                            G. Brent Sims, Esq.
                                             Attorneys for Defendants VIRGIN AMERICA
10                                           INC.,   VIRGIN   ATLANTIC   AIRWAYS
                                             LIMITED and VIRGIN VACATIONS, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

3

I.      STATEMENT OF ISSUES ...................................................................... 1

II.     STATEMENT OF RELEVANT FACTS ................................................. 1

        A.      The Virgin Litigation .......................................................... 1

        B.      The New York Litigation .................................................... 2

        C.      The MasterCard Action ....................................................... 3

        D.      The Visa Action ................................................................... 4

        E.      The United Action ............................................................... 4

        F.      The American Express Action ............................................. 4

III.    ARGUMENT ........................................................................................ 4

        A.      Venue Is Improper As To Virgin Vacations, Inc. .............. 4

        B.      There Is No Specific Jurisdiction ....................................... 6

        C.      Venue Is Inconvenient Under 28 USC Section 1404 ......... 6

                1.      This Forum is Inconvenient ...................................... 6

                2.      The Factors Favor Transferring the Case ................. 7

        D.      Alternatively, This Matter Should Be Stayed Pending
                Resolution Of Threshold Issues Between Wave And GHM In
                New York ............................................................................. 12

IV.     CONCLUSION ..................................................................................... 13

# TABLE OF AUTHORITIES

**CASES**

*A.J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*
    503 F.2d 384 (9th Cir. 1974) .................................................................................. 12

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*
    223 F.3d 1082 (9th Cir. 2000) ................................................................................ 5

*Bennett v. Bed Bath & Beyond, Inc.*
    No. C 11–02220 CRB, 2011 WL 3022126, at *2 (N.D. Cal. July 22, 2011).............. 11

*Boschetto v. Hansing*
    539 F.3d 1011 (9th Cir. 2008.) ................................................................................ 4

*Brayton Purcell LLP v. Recordon & Recordon*
    606 F.3d 1124  (9th Cir. 2010); 28 U.S.C. Section 1400(a)...................................... 4, 7

*Calder v. Jones*
    (1984) 465 U.S. 783, 104 S. Ct. 1482, 79 L.Ed. 2d 804 ............................................. 6

*Cluck v. IKON Office Solutions, Inc.*
    No. C 11–05027 JSW, 2012 WL 1610789, at *2 (N.D. Cal. May 8, 2012) ................ 8

*Decker Coal Co. v. Commonwealth Edison Co.*
    805 F.2d 834 (9th Cir. 1986) ................................................................................... 8

*Dole Food Co., Inc. v. Watts*
    303 F.3d at 1104 (9th Cir. 2002) ............................................................................. 7

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*
    618 F.3d 1153 (10th Cir. 2010) ............................................................................... 9

*Glaxo Group Ltd. v. Genentech, Inc.*
    No. C 10-11675 JSW, 2010 WL 1445666, at *4 (N.D. Cal. Apr. 12, 2010) ............... 8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
    (2011) 131 S.Ct. 2846.............................................................................................. 5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
    (1984) 466 U.S. 408 ................................................................................................ 5

*Herer v. Ah Ha Publ'g, LLC*
    927 F. Supp. 2d 1080 (D. Or. 2013) ........................................................................ 6

-ii-

*Inherent.com v. Martindale–Hubbell*
    420 F. Supp. 2d 1093 (N.D. Cal. 2006) ................................................................. 8

*Jones v. GNC Franchising, Inc.*
    211 F.3d 495 (9th Cir. 2000) ................................................................................. 7

*King v. Am. Family Mut. Ins. Co.*
    632 F.3d 570 (9th Cir. 2011) ................................................................................. 5

*Lockyer v. Mirant Corp.*
    398 F.3d 1098 (9th Cir. 2005) ............................................................................. 13

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*
    647 F.3d 1218 (9th Cir. 2011) ............................................................................... 6

*Regents of the Univ. of California v. Eli Lilly & Co.*
    119 F.3d 1559 (Fed. Cir. 1997) ........................................................................... 11

*Schwarzenegger v. Fred Martin Motor Co.*
    374 F.3d 797 (9th Cir. 2004) ................................................................................. 5

*Scocca v. Smith*
    2012 U.S. Dist. LEXIS 18279, *1 (N.D. Cal. Feb. 14, 2012) .................................... 13

*Shelby v. Factory Five Racing, Inc.*
    No. CV 08-7881 CAS (JTLx), 2009 WL 481555, at *4 (C.D. Cal. Feb. 23, 2009) ..... 8

*Smith v. Aetna Life Ins. Co.*
    No. C 11–2559 SI, 2011 WL 3904131, at *2 (N.D. Cal. 2011) ................................. 9

*United States v. Coriarty*
    No. 99 Cr. 1251, 2000 U.S. Dist. LEXIS 11040, at *3 (S.D.N.Y. Aug. 7, 2000) ....... 11

*United States v. Martino*
    No. 00 Cr. 389, 2000 U.S. Dist. LEXIS 17945, at *17-18 (S.D.N.Y. Dec. 14, 2000) 11

*Van Dusen v. Barrack*
    (1964) 376 U.S. 612 .............................................................................................. 7

*Vu v. Ortho-McNeil Pharm., Inc.*
    602 F. Supp. 2d 1151 (N.D. Cal. 2009) .................................................................. 7

*Washington Shoe*
    (2012) 704 F.3d WL 6582345, at *5 ....................................................................... 7

/ / /

-iii-

*Wright v. Interbank Capital, Inc.*
   No. 99-0091, 1999 WL 354516, at *4-5 (N.D. Cal. May 19, 1999) ............................ 8


**STATUTES**


28 U.S.C. Section 1404(a) ..................................................................................... 6, 8

28 USC Section 1404 .............................................................................................. 6

Federal Rules of Civil Procedure, Rule 12(b)(2) and (3) ........................................ 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF ISSUES

This is a copyright action based on the use of photographs of hotels operated by General Hotel Management Ltd. ("GHM").  Currently pending in the Southern District of New York are actions also filed by the Wave Studios, LLC ("Wave"), naming over 60 similarly situated internet defendants.  These defendants are also alleged to have used photographs owned by the Wave of properties managed by GHM.  That court is currently determining the rights of the parties to the photographs.

The Virgin Defendants seek to have this case transferred to the Southern District of New York because:  1) jurisdiction and venue are improper as to VVI; and 2) venue is inconvenient under 28 U.S.C. Section 1404(a).  Alternatively, Defendants request the matter be stayed pending resolution of threshold issues in the related case pending in the Southern District of New York.

### II.    STATEMENT OF RELEVANT FACTS

#### A.    The Virgin Litigation

Wave asserts copyright infringement claims based on the internet use of certain photographs.  (Complaint ¶ 1) (Doc. No. 1.)  The infringing works are photographs of ten hotels managed by GHM.  (Complaint ¶ 14.)  Wave alleges that in the course of using photographs of these ten hotels, the Virgin Defendants infringed 29 registered copyrights. (Complaint, ¶¶ 17 and 27.)

Wave claims these copyrights were assigned to it by the original copyright owner, Junior Lee.  (Complaint ¶ 18.)  Lee is a Malaysian citizen domiciled in Singapore, while Wave is a New York company with its principal place of business in New York. (Complaint, ¶ 9.)

Wave attached alleged screen captures from various websites to its Complaint. (Complaint, Exhibit 2.)  But rather than identify the photographs by registration number, or by defendant, or even by hotel, the photographs appear to be attached randomly.  Wave simply identifies the screenshots as "[t]rue and correct copies of Defendants' websites

-1-

1    demonstrating their unauthorized use of Plaintiff's Copyrighted Works. . ." (Complaint ¶

2    17.)

3        **B.**    <u>**The New York Litigation**</u>

4        On December 31, 2013, approximately two years before Wave filed the current

5    action, it filed a copyright action in the United States District Court for the Southern District

6    of New York: *The Wave Studio, LLC v. General Hotel Management Ltd., et al.*, Case No.

7    7:13-CV-09239 (S.D.N.Y.) (the "New York Action.")   In the New York Action, Wave

8    asserted copyright infringement claims against GHM, and 58 other defendants. (New York

9    Complaint ("NY Compl."), Ex. A to Sims Decl.)

10       All of the copyright registrations at issue in the New York Action are also at issue in

11   the Virgin Action, although the Virgin Action alleges additional registrations not at issue in

12   that case.   (Compare Complaint ¶ 27 with NY Compl. ¶¶ 100 and 117.)   Otherwise, the

13   allegations in the Complaint in the Virgin Action are identical to the allegations in the New

14   York Action.  For example, compare NY Compl. ¶¶ 1-3, 8, 94-95, 100, 114-117 with Virgin

15   Complaint ¶¶ 1-3, 8, 12-14, 22-25.

16       In both cases, the works at issue are photographs of hotels managed by GHM.  (NY

17   Compl. ¶ 9 and Complaint, ¶14).   Wave licensed the photographs to GHM, but has not

18   distributed them to any other person. (NY Compl. ¶¶ 73-76.) These cases are both premised

19   upon photographs, the rights to which are disputed between Wave and GHM.  (*Id.*, letter

20   from GHM in New York Action, Sims Decl., Ex. B.)

21       In a letter to Judge Cathy Seibel, presiding judge in the New York Action, United

22   States District, GHM states that it had a long-term relationship with photographer Junior

23   Lee, allowing GHM to use Lee's photographs. (*Id.*) A dispute arose between GHM and Lee

24   over unpaid invoices resulting in litigation in Singapore. (*Id.*) GHM claims that it settled the

25   dispute with Wave and paid for the right to use the photographs. (*Id.*)

26       GHM claims that once Lee signed the settlement, she quietly obtained copyright

27   registrations in the United States under a newly formed company and proceeded to sue GHM

28   for infringement.  (*Id.*) The New York action claims that the use of these photographs by

1  defendant travel websites constitutes an infringement on its copyright, despite the settlement
2  entered into with GHM. (See *Id.*; Complaint ¶¶ 74-77.)

3      Based on these facts, GHM asked District Judge Seibel to stay the New York Action
4  as to all Defendants other than GHM, and allow GHM and Wave to litigate the threshold
5  issue of whether GHM was licensed or otherwise authorized to use and distribute the
6  photographs. (*Id.*)

7      As GHM explained to District Judge Seibel, "a finding that GHM had the right to use
8  and distribute the photographs would be case dispositive as to GHM and a vast majority of
9  the Defendants." (*Id.*)  On July 3, 2014, District Judge Seibel stayed the New York Action
10 as to all Defendants except GHM, allowing Wave and GHM to litigate the threshold question
11 of the distribution rights to the photographs. (July 3, 2014 Order in New York Action, Ex. C
12 to Sims Decl.)  Following the ruling, Wave retained new counsel and brought similar
13 lawsuits in the Northern District of California.

14     **C.    The MasterCard Action**

15     On March 24, 2014, Wave filed a Complaint against MasterCard for copyright
16 infringement styled *The Wave Studio, LLC v. MasterCard International, Inc. et al.*, Case No.
17 3:14-cv-01342-RS (N.D. Cal.) (the "MasterCard Action").  Like the New York Action, the
18 MasterCard Action alleged that MasterCard infringed Wave's copyrights in various
19 photographs of GHM hotels.

20     District Judge Seeborg ordered that matter transferred to the Southern District of New
21 York.  His nine page written order stated:

22          Transfer of this action to the Southern District of New York serves
23          the interests of convenience, justice, and judicial economy, as
             considered through the multifactor analysis above.  Wave garners
24          little benefit from maintaining this action against MasterCard and
             Virtuoso in California when it has litigation pending against 59
25          other entities in New York—aside from circumventing the stay
26          imposed in the pending New York case.

27     (See Transfer Order in MasterCard Action, Ex. D to Sims Decl., page 9.)

28

MOTION TO DISMISS FOR IMPROPER VENUE
CASE NO: 3:15-CV-00952

**D.    The Visa Action**

After Judge Seeborg transferred the MasterCard Action to New York, Wave filed an action against Visa in the Northern District of California styled *The Wave Studio, LLC v. Visa, Inc.*, Case No. 3:15-cv-000239-JSC.  Visa moved that their case be transferred to the Southern District of New York, and, in the face of that motion, Wave stipulated to the transfer of that case.  (Visa Action Docket, Ex. E, Sims Decl.)

**E.    The United Action**

Despite the fact that United Airlines was already a defendant in the New York Litigation, Wave filed a nearly identical case in the Northern District styled *The Wave Studio, LLC v. United Airlines, Inc.*, Case No. 4:15-cv-000818-YGR.  This case has been transferred to the Southern District of New York by stipulation.  (Docket 4:15-cv-000818-YGR, Ex. F to Sims Decl.)

**F.    The American Express Action**

Wave also filed suit against American Express in the Northern District of California for infringement of photographs of GHM properties.  In the face of a motion, Wave agreed to the transfer of that case.  (Docket for 0NO. 3:15-cv-00354-WHA, Ex. G to Sims Decl.)

**III.    ARGUMENT**

**A.    Venue Is Improper As To Virgin Vacations, Inc.**

Under Federal Rules of Civil Procedure, Rule 12(b)(2) and (3), a court may dismiss a case for lack of jurisdiction and improper venue.  For copyright cases, venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010); 28 U.S.C. Section 1400(a).  In order to satisfy this requirement, the plaintiff must show that the forum may exercise general or specific jurisdiction as to the action. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008.)  Here, there is neither.

General jurisdiction exists where a defendant's contacts with a state are "so 'continuous and systematic' as to render [the defendant] essentially at home" in the State, such that the State may in fairness force the defendant to answer for causes of action

-4-

unrelated to its in-state activities. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011). Such jurisdiction exists where a defendant has "continuous and systematic general business contacts," *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984), that "approximate physical presence" in the forum state, *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "The standard is met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011).

The standard for general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

Ninth Circuit cases establish that a corporation that does minimal business with the residents of a state, without maintaining a presence in that state may not be subjected to general jurisdiction. For example, in *Bancroft*, the court found no general jurisdiction over a company that had engaged in licensing agreements with two television networks and "a handful" of vendors based in California. (223 F.3d at 1086.)

In reaching its decision, the court emphasized that the defendant was not registered in California, paid no taxes in the State, maintained no California bank accounts, and directed no advertising toward California. *Id.* See also *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1225-26 (9th Cir. 2011) (finding no general jurisdiction where the defendant solicited business of California residents through third-parties and engaged in business relationships with California companies, but had no offices or staff in the State, was not registered to do business in the State, had no registered agent for service of process in the State, and paid no State taxes).

Here, VVI has no California locations (Hartford Decl., ¶ 6). It has no California personnel and no California agent or property (Hartford Decl., ¶¶ 6, 7). Its ties with the State

-5-

1    of California are not continuous and systematic such that it is "at home" in the State.  As

2    such, there is no general jurisdiction as to VVI.

3        **B.      There Is No Specific Jurisdiction**

4        Among other requirements, the Ninth circuit has determined that purposeful direction

5    at a forum state is required for special jurisdiction relating to copyright infringement.  See

6    *Herer v. Ah Ha Publ'g, LLC*, 927 F. Supp. 2d 1080, 1085-1086 (D. Or. 2013).  Purposeful

7    direction is found using the three-part "effects" test articulated in *Calder v. Jones*, 465 U.S.

8    783, 104 S. Ct. 1482, 79 L.Ed. 2d 804 (1984).

9        To satisfy this test, "the defendant must have (1) committed an intentional act, (2)

10   expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

11   suffered in the forum state." *Id.,* citing *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647

12   F.3d, *supra*, at 1228.

13       Case law states that "the 'express aiming' requirement is satisfied, and specific

14   jurisdiction exists, 'when the defendant is alleged to have engaged in wrongful conduct

15   targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'"

16   *Washington Shoe*, 704 F.3d 668, 2012, WL 6582345, at *5 (quoting *Dole Food Co., Inc. v.

17   Watts*, 303 F.3d at 1104 (9th Cir. 2002); See *Brayton Purcell*, 606 F.3d at 1129.  Here, the

18   copyright holder is domiciled in New York.  (Complaint, ¶ 9.)  In fact, Wave has already

19   brought suit to enforce copyrights in its home district, the Southern District of New York.

20       **C.   Venue Is Inconvenient Under 28 USC Section 1404**

21           **1.    This Forum is Inconvenient**

22       The transfer statute authorizes this Court to transfer this action to the United States

23   District Court for the Southern District of New York for the convenience of the parties and

24   witnesses, and in the interests of justice.  28 U.S.C. Section 1404(a).  The purpose of the

25   statute is "to prevent the waste 'of time, energy and money' and 'to protect litigants,

26   witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v.

27   Barrack*, 376 U.S. 612, 616 (1964) (quotation omitted).  The Court has discretion to

28   "adjudicate motions for fairness according to an individualized, case-by-case consideration

-6-

1  of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.

2  2000).

3        Courts in this District have focused on the following factors to evaluate whether a

4  transfer of venue would promote the interests of justice: "(1) plaintiffs' choice of forum, (2)

5  convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the

6  evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of

7  consolidation with other claims, (7) any local interest in the controversy, and (8) the relative

8  court congestion and time of trial in each forum." *Vu v. Ortho-McNeil Pharm., Inc., 602 F.*

9  *Supp. 2d 1151, 1156* (N.D. Cal. 2009). Analysis of these factors supports transfer to New

10  York.

11        **2.**    **The Factors Favor Transferring the Case**

12        **a)**    **Plaintiff's Choice of Forum**

13        Ordinarily, a plaintiff's choice of forum is afforded considerable deference. *Decker*

14  *Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). But, where a

15  plaintiff's choice is not its residence, or where the forum lacks a significant connection to the

16  activities alleged in the complaint, that deference is substantially reduced. *Inherent.com v.*

17  *Martindale–Hubbell*, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006).

18        Moreover, once a plaintiff has filed a nearly identical case in another jurisdiction, his

19  second choice of forum is entitled to no deference. See, e.g., *Glaxo Group Ltd. v.*

20  *Genentech, Inc.,* No. C 10-11675 JSW, 2010 WL 1445666, at *4 (N.D. Cal. Apr. 12, 2010)

21  ("a plaintiff's second choice of forum is also entitled to less deference") (citing *Wright v.*

22  *Interbank Capital, Inc.,* No. 99-0091, 1999 WL 354516, at *4-5 (N.D. Cal. May 19, 1999));

23  (*Cluck v. IKON Office Solutions, Inc.*, No. C 11–05027 JSW, 2012 WL 1610789, at *2 (N.D.

24  Cal. May 8, 2012)) ("a plaintiff's choice of forum is not conclusive when a previously filed

25  lawsuit involving the same or similar issues has been proceeding in another forum"); *Shelby*

26  *v. Factory Five Racing, Inc.*, No. CV 08-7881 CAS (JTLx), 2009 WL 481555, at *4 (C.D.

27  Cal. Feb. 23, 2009) (transferring matter from plaintiff's forum of choice to another district

28  where action dealt with similar parties and issues and was first filed there).

1    Here, Wave's principal place of business is New York. (Complaint ¶ 8.) Ms. Lee,

2    Wave's principal, resides in Singapore. (*Id.*) None of the hotel photographs at issue are

3    alleged to have been taken in California. (*Id.* ¶ 11.)

4    Wave has not alleged any contacts or other connections that form a nexus between the

5    activities alleged in the Complaint and the State of California. Indeed, as noted above, this

6    forum is Wave's second choice since it already filed the New York Action based on the same

7    core issues, the same hotels, and many of the same photographs. The only connection this

8    case has with this district appears to be the residence of Wave's new attorneys. But "[t]he

9    convenience of counsel is not considered for purposes of deciding whether a venue is

10   convenient for the purposes of 28 U.S.C. Section 1404(a)." *Smith v. Aetna Life Ins. Co.*, No.

11   C 11–2559 SI, 2011 WL 3904131, at *2 (N.D. Cal. 2011).

12                    **b)    Convenience of the Parties**

13   As District Judge Seeborg held in transferring the MasterCard Action to New York,

14   the convenience factor favors transfer to New York because "New York is Wave's home

15   forum, and its chosen location for a strikingly similar case against 59 other defendants."

16   (Transfer Order in MasterCard Action, Ex. D to Sims Decl.) Thus, Wave cannot contest that

17   New York is a convenient forum, and by filing this Motion each Virgin entity is agreeing to

18   that venue.

19                    **c)    Convenience of the Witnesses**

20   "The convenience of witnesses is the most important factor in deciding a motion

21   under Section 1404(a)." See, e.g., *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d

22   1153, 1169 (10th Cir. 2010) (citations omitted). Wave's principal, Ms. Lee, resides in

23   Singapore, not California. (Complaint ¶ 8.) Further, Ms. Lee is already litigating a virtually

24   identical case in New York, and her company has its principal place of business in New

25   York. Therefore, travel to New York, where plaintiffs are already litigating, should be more

26   convenient than travel to California.

27   / / /

28   / / /

GHM is a party to the New York Action, but not a party to any action in California. It is unclear whether Defendants could compel GHM to travel to California in connection with this action or whether it would be convenient for GHM to do so. But, GHM is a party to the New York Action, where, presumably it will appear in court and for deposition. New York would therefore be a convenient forum for GHM.

In ordering transfer of the *MasterCard* Action to New York, District Judge Seeborg noted that Wave was unable to name any witnesses in California, but rather named only persons located in Singapore or Thailand. (Transfer Order in MasterCard Action, Ex. D to Sims Decl.) Given the overlap between this case and the New York Action, those same witnesses would likely be witnesses in this case. Thus, transferring this action to New York would require less travel overall as it would reduce the need for multiple international trips by both witnesses and Ms. Lee. Accordingly, the convenience of the witnesses' factor strongly favors transfer to New York.

In fact, given the large overlap between the cases, many of the witnesses appearing in the New York case will be needed to testify regarding the works at issue, the licenses in place, if any, and the alleged damages stemming from the use. All of these witnesses will be appearing in the multi-party New York case. To have the Virgin case proceed on the other side of the country would necessarily be inconvenient for witnesses appearing in New York.

In fact, choosing a venue on the opposite side of the country appears designed to cause maximum inconvenience to witnesses already testifying in the New York case.

> **d)    Ease of Access to Evidence**

Wave will likely argue that, because Virgin America maintains a principal place of business in California, access to evidence against Virgin for copyright infringement is more readily available in California than in New York. But, there is no indication that any substantial evidence would be present in California.

Moreover, it is well settled that, "given the conveniences of modern transportation and communication," *United States v. Martino*, No. 00 Cr. 389, 2000 U.S. Dist. LEXIS 17945, at *17-18 (S.D.N.Y. Dec. 14, 2000), the "location of relevant documents is of little

-9-

consequence one way or the other." *United States v. Coriarty*, No. 99 Cr. 1251, 2000 U.S. Dist. LEXIS 11040, at *3 (S.D.N.Y. Aug. 7, 2000).

Indeed, as District Judge Seeborg stated, GHM and Wave have already began discovery in New York and "[e]ven if GHM played no role in defendants' acquisition of the hotel photographs, at least some evidence relevant to the New York case is necessarily of import in this action as well—the copyright status of the photographs, and the chain of the photographs' dissemination among the myriad New York defendants." (Transfer Order in MasterCard Action, Ex. D to Sims Decl.) Accordingly, this factor also strongly favors transfer to New York.

### e) Familiarity with Applicable Law

This element is neutral as both courts are equally equipped to address federal copyright claims.

### f) Feasibility of Consolidation

If transfer to New York is granted, Virgin will promptly seek consolidation with the New York Action. The federal courts' interest in judicial economy is sufficient in and of itself to warrant transfer "regardless of the other factors." *Bennett v. Bed Bath & Beyond, Inc.*, No. C 11–02220 CRB, 2011 WL 3022126, at *2 (N.D. Cal. July 22, 2011); *Regents of the Univ. of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) ("Consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result."). After all, where the transferee judge is familiar with the facts and legal issues, judicial economy favors transfer.

"[T]he pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." *A.J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974). Here, transfer will greatly further judicial economy, and perhaps most importantly, avoid the danger of inconsistent judgments. District Judge Cathy Seibel, in the Southern District of New York is already familiar with the facts. More importantly, transfer

-10-

1  will avoid the possibility and danger of inconsistent judgments against Virgin.

2      Judge Seibel stayed the New York Action as to all Defendants except GHM in order

3  for GHM and Wave to litigate threshold issues regarding whether GHM had the right to use

4  and distribute the hotel photographs.  That issue is also a threshold issue that must be

5  litigated in this case.

6      Recognizing the substantial benefits in judicial economy, District Judge Seeborg

7  transferred the MasterCard Action to New York, noting that "[a]t the very least, transfer will

8  mitigate duplicative discovery and conserve judicial efforts, factors other district courts have

9  emphasized in granting motions to transfer copyright infringement cases." (Transfer Order

10  in MasterCard Action, Ex. D to Sims Decl.)  The same arguments for transfer apply just as

11  strongly in this case.

12      Accordingly, this factor overwhelmingly favors transfer to New York and, as stated

13  above, is itself sufficient to warrant transfer.

### g)  Local Interests

15      There are no local interests that would preclude transfer of this case to New York.

16  While Virgin America maintains a place of business in California, Virgin is a large multi-

17  national corporation that does substantial business in New York.  District Judge Seeborg was

18  correct in finding that "the issues at the heart of this dispute [are] whether Wave has a valid

19  copyright over the photos and whether the defendants violated such copyright" and evidence

20  relevant to those issues can be found in New York, as well as in California.  (Transfer Order

21  in MasterCard Action, Ex. D to Sims Decl.)  Accordingly, this factor strongly favors transfer

22  to New York.

### h)  Court Congestion

24      According to the Federal Judicial Caseload Statistics, the median time interval in

25  months between filing and disposition is the same between the Southern District of New

26  York and the Northern District of California: 8.1 months.  Nonetheless, this factor favors

27  transfer to New York where the New York Action has been pending and has progressed.

28  / / /

MOTION TO DISMISS FOR IMPROPER VENUE
CASE NO: 3:15-CV-00952

**D.    Alternatively, This Matter Should Be Stayed Pending Resolution Of Threshold Issues Between Wave And GHM In New York**

Alternatively, even if the Court retains venue, this matter should be stayed until GHM and Wave can litigate their dispute over the dispositive issue of whether GHM was authorized to use and distribute the hotel photographs – a threshold issue presently being considered in the New York Action. This Court "has discretion in determining whether a stay is proper in light of proceedings in another case." *Scocca v. Smith*, 2012 U.S. Dist. LEXIS 18279, *1 (N.D. Cal. Feb. 14, 2012).

The Court must weigh competing interests such as "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

All of these factors weigh in favor of staying this case. First, absent a stay Virgin will suffer significant hardship. This action will cause Virgin to incur significant defense costs that would not be incurred if the claims against Virgin had been brought as part of the New York Action, and stayed pending resolution of the dispositive GHM question. Moreover, given the overlapping hotels, copyright registrations, images, and legal claims in the two actions, there would be substantial prejudice to Virgin in light of possibly conflicting orders and judgments. Conversely, Wave would suffer no hardship because it would be able to continue pursuing its claims against Virgin (as well as its claims against the other similarly situated Defendants) in the New York Action.

Judge Seeborg stated, "The risk of inconsistent judgments and inefficiency implicated by keeping this action before this Court would undermine the spirit animating this factor—to promote judicial economy and effective dispute resolution." (Transfer Order in MasterCard Action, Ex. D to Sims Decl.) Accordingly, if the Court is unwilling to transfer this case, it should stay this case pending the resolution of the threshold issues being litigated by GHM and Wave in the New York Action.

-12-

1  IV.   **CONCLUSION**

2        For the foregoing reasons, and for the convenience of the witnesses, parties, and in the

3  interests of justice, Virgin requests that the case be dismissed or transferred to the United

4  States District Court for the Southern District of New York.  Alternatively, Virgin requests

5  that the case be stayed pending resolution of the threshold issues being litigated by GHM and

6  Wave in the New York Action.

7

8  Dated: July 13, 2015                    CLAUSEN MILLER PC

9

10

11                                         By:_____

12                                              Ian Feldman, Esq.
                                                G. Brent Sims, Esq.
13                                              Attorneys for Defendants VIRGIN AMERICA
                                                INC.,  VIRGIN  ATLANTIC  AIRWAYS
14                                              LIMITED and VIRGIN VACATIONS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS FOR IMPROPER VENUE
CASE NO: 3:15-CV-00952

**PROOF OF SERVICE**

<u>The Wave Studio, LLC v. Virgin America Inc. et al.</u>
U.S. District Court, Northern District of California, Case No: 3:15-CV-00952

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 17901 Von Karman Avenue, Suite 650, Irvine, California 92614.

On July 13, 2015, I caused the following document(s) described as: **VIRGIN AMERICA INC., VIRGIN ATLANTIC AIRWAYS LIMITED AND VIRGIN VACATIONS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE, OR IN THE ALTERNATIVE TO STAY THE CASE PENDING A RESOLUTION OF THE NEW YORK LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF G. BRENT SIMS AND NANCY HARTFORD FILED CONCURRENTLY HEREWITH; [PROPOSED] ORDER** to be served on the interested parties in this action as follows:

Vijay K. Toke, Esq.                    *Attorneys for Plaintiff*
Cobalt LLP                             *THE WAVE STUDIO, LLC*
918 Parker Street
Building A21
Berkeley, CA 94710
Telephone: (510) 841-9800
Facsimile: (510) 295-2401
vijay@cobaltlaw.com

[X]  **BY E-FILING -** I caused to be served via e-mail to the Clerk of Court using the CM/ECF system which sent notification of such filing to the above-referenced parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 13, 2015, at Irvine, California.

*Mary Lynn Genova*
Mary Lynn Genova

104125.1

-14-